UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELIZABETH T. ZARTIN,** | Civ. No. 11-6929 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **DR. RAVI BALIGA, Psychiatrist, DR. CAROLYN FARRALES, Psychiatrist, DR. LUNA HARRIS, Psychologist, MS. FLORA ADEDEJI, Supervising Nurse, MS. LAURA EURO, Social Worker, GOVERNOR CHRIS CHRISTIE, STATE OF NEW JERSEY, MS. JANET MONROE, Chief Executive Officer, GREYSTONE HOSPITAL, and MS. TIONKA ATKINS,** | |
| Defendants. | |

**THIS MATTER** comes before the Court on Defendants Dr. Ravi Baliga, Dr. Carolyn Farrales, Dr. Luna Harris, Ms. Flora Adeji and Ms. Laura Euro's (the "Remaining Defendants'") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Elizabeth Zartin opposes the motion. Presently, the Court will deny the motion.

**I.   BACKGROUND**

In denying the Remaining Defendants' motion, the Court notes the following:

(1)   In determining whether Rule 12(b)(6) dismissal for failure to state a claim is appropriate, the Court considers whether, when accepting the allegations in the complaint as true, a plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

1

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (the "*Iqbal/Twombly* Standard").

(2)     That Plaintiff initiated this action *pro se*[1] on November 11, 2011, and that at that time, Plaintiff applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915;

(3)     That as a result, the Court has already reviewed the sufficiency of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and that in so doing, has already considered the propriety of dismissal of the claims in that pleading, for, among other reasons, failure to state a claim under the *Iqbal/Twombly* Standard (the "Initial Screening");

(4)     That as a result of the Initial Screening, on May 29, 2012, this Court issued an Opinion and Order in which it made the following determinations:

> First, that when accepting the claims in Plaintiff's Complaint as true, Plaintiff alleges the following facts: "Plaintiff is currently involuntarily committed for treatment . . . Plaintiff [suffered physical harm when she] was attacked by her roommate at Greystone Psychiatric Hospital, Ms. Tionka Atkins, on November 6, 2011. . . . [The Remaining Defendants] knew about Ms. Atkins' behavior problems and they should have transferred her to a more restrictive environment.  About a month prior to Ms. Atkins' attack upon Plaintiff, Plaintiff had informed [the Remaining Defendants] that she felt threatened by Ms. Atkins because Ms. Atkins had just threatened to kill Plaintiff. . . .   [The Remaining Defendants] concluded that Plaintiff was not in any imminent danger from Ms. Atkins and the two would still room together [even though the Remaining Defendants] were aware that Ms. Atkins had previously attacked other patients and staff."  (May 29, 2012 Op. 2-3, ECF No. 5);
>
> Second, that 42 U.S.C. § 1983 provides, in relevant part, that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory . . . subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

---

[1] On July 30, 2012, Plaintiff retained counsel.

2

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." (*Id*. at 5);

Third, that Plaintiff's Complaint includes a § 1983 claim against the Remaining Defendants for violating "her Fourteenth Amendment right not to be deprived of liberty without due process." (hereinafter Plaintiff's "§ 1983 Due Process Liberty Claim") (*Id*. at 6);

Fourth, that Plaintiff's Complaint sufficiently states a § 1983 Due Process Liberty Claim under the *Iqbal*/*Twombly* Standard, as there are sufficient facts alleged by Plaintiff to suggest that the Remaining Defendants willfully disregarded her constitutionally protected right to safety and failed "to take any action to protect Plaintiff against threats made by another patient with a history of violent behavior." (*Id*. at 4-8);

And fifth, that Plaintiff's § 1983 Due Process Liberty Claim is the only claim in Plaintiff's Complaint which the Court determined was sufficiently alleged, and thus, is the only claim that the Court did not dismiss on May 29, 2012 (May 29, 2012 Order, ECF No. 6);

(5)     That Plaintiff has never filed an amended pleading and accordingly, Plaintiff's Complaint – which sets forth the only claims and allegations that have ever been before the Court in this matter – remains the controlling pleading, and that Plaintiff's § 1983 Due Process Liberty Claim – which the Court already ruled is the only claim sufficiently alleged in that pleading – is the only pending claim for purposes of the present motion to dismiss;

(6)     That in light of the foregoing considerations, a substantial number of arguments raised in Remaining Defendants' present motion to dismiss are moot and/or irrelevant,[2] and as such, the only arguments raised in the Remaining Defendants' present

---

[2]     Specifically: Defendants' arguments advocating for dismissal of: (i) of non-pending state law claims (Def.s' Br. Points III, IV, VII, and VIII); (ii) a non-pending 42 U.S.C. § 1985 conspiracy claim (Point VI); and (iii) dismissal of Plaintiff's **already-explicitly-dismissed** § 1983 denial of access to the courts claim (Point V).
        In addition, the Court notes that the arguments raised by the Remaining Defendants in Point I, in which

3

motion to dismiss which have even arguable merit are the following: (i) the Remaining Defendants are entitled to qualified immunity; and (ii) Plaintiff's claims for punitive damages must be dismissed.

## II.   ANALYSIS

### (i) Qualified Immunity

The Remaining Defendants assert that dismissal under Rule 12(b)(6) is appropriate on the basis of their qualified immunity, which provides extensive protection to government officials sued under § 1983.  This argument fails.

Entitlement to qualified immunity involves a two-part test.  First, the Court must determine whether the Remaining Defendants' conduct "violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Second, the Court must ask whether that right was "clearly established."  *Id.*  A government official's conduct violates "clearly established" laws when at the time of the challenged conduct, the right is sufficiently clear so that "every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. Al–Kidd*, ––– U.S. ––––, ––––, 131 S.Ct. 2074, 2083 (2011) (citation and internal quotations omitted); *see also Kramer v. City of New Jersey*,

---

they advocate for dismissal of all New Jersey-related Defendants – including **already-dismissed** Defendants Christie and Monroe – based on the arguments that Plaintiff's claims against them are barred by the Eleventh Amendment (Point IA) and that these Defendants are not "persons" amenable to suit under § 1983 (Point IB) ignores that based on the application of an identical legal standard to an identical pleading, the Court already determined that Plaintiff's § 1983 Due Process Liberty Claim is legally sufficient and may proceed against the Remaining Defendants.  Moreover, dismissal on this basis is legally improper.  *See Cherry v. Whitehead*, 09-CV-04161 SDW, 2012 WL 253138 (D.N.J. Jan. 25, 2012) (noting: (1) that state officers and employees can be held personally liable under § 1983 based on actions performed in their official capacities; and (2) that the "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983") (citing *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991)); *see also Slinger v. New Jersey*, Fed.Appx. 357, 360-61 (Jan. 26, 2010).

 In light of the stunning number of baseless arguments raised by Defendants in support of their motion to dismiss, the Court is forced to question whether Defendants ever read – much less gave even cursory consideration to – the Court's May 29, 2012 Opinion and Order.

No. 09–3767, 2010 WL 2326259, at *6 (D.N.J. June 3, 2010) (at its essence, the "clearly established" prong of the qualified immunity test asks whether it would have been objectively reasonable for the official to know that his actions were unlawful given the circumstances).

Here, Plaintiff alleges that Remaining Defendants failed to take any action to protect Plaintiff against threats made by another patient with a history of violent behavior, in violation of Plaintiff's Fourteenth Amendment liberty interests.  Because Plaintiff's allegations are sufficient to establish that the Remaining Defendants willfully violated her constitutional rights, and in the absence of any new evidence to contradict those allegations, the Remaining Defendants' motion to dismiss on the basis of qualified immunity will be **DENIED**.  *See Cherry v. Whitehead*, 09-CV-04161 SDW, 2012 WL 253138, at * 8 (D.N.J. Jan. 25, 2012) ("It would be premature at [the motion to dismiss] juncture to determine whether all Defendants were acting in their capacities as employees and administrators of a state psychiatric institution, under state control, are entitled to qualified immunity protection.").

### (ii) Punitive Damages

The Remaining Defendants also move to dismiss Plaintiff's request for punitive damages.  At this juncture, it is sufficient to note that punitive damages may be awarded in § 1983 actions.  *See Carey v. Piphus*, 435 U.S. 247, 253–57 (1978) ("[F]or a plaintiff in a section 1983 case to qualify for a punitive award, the defendant's conduct must be, at a minimum, reckless or callous.")  And that because Plaintiff's § 1983 Due Process Liberty Claim on the basis of the Remaining Defendants' willful inactions is still

pending, dismissal of Plaintiff's claim for punitive damages will also be **DENIED**.

### III.  CONCLUSION

Based on these considerations, the Court the Remaining Defendants' motion to dismiss will be **DENIED**.  An appropriate Order accompanies this Opinion.

  /s/William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated: May 6, 2013**